IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DUANE CARNELL DARST,
    Plaintiff,
  v.
ALTOONA REGIONAL HOSPITAL,
et al.,
    Defendants

Case No. 3:14-cv-264-KRG-KAP

Report and Recommendation

In my Report and Recommendation at docket no. 2, I noted that plaintiff Darst had not stated any claim against any defendant and gave him leave to amend. Having reviewed the amended complaint at docket no. 8, I recommend that it be dismissed without prejudice to proceeding in the appropriate court. See 42 Pa.C.S.§ 5103(b). No further leave to amend is appropriate.

Report

Darst's partially coherent amendment to his complaint makes it clear that Darst believes that after surgery in 2012 something was left in his vein, and that no one else believes that. Eventually Dr. Naji performed an exploratory procedure that Darst describes as Naji pulling the vein out, putting the vein back in, and closing his hand up with stitches.

Prison officials are responsible for an inmate's health care, but are personally liable as a matter of federal civil rights law only if they are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Carlson v. Green, 446 U.S. 14 (1980). A claim of deliberate indifference requires Darst to allege facts sufficient to allow a

plausible inference that each named defendant was subjectively aware of the substantial risk of serious harm to him from a treatment decision or decision to withhold treatment, namely, that Naji, or Magee, or any other named defendant knew that something had been left in Darst's hand, believed that it exposed Darst to the risk of substantial harm, proceeded to ignore it, and in fact caused Darst harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Darst's amended complaint makes it clear that the various medical defendants disbelieved Darst's self-diagnosis of his medical condition. Furthermore, defendant Naji actually acted on Darst's complaints, and apparently determined that Darst's condition was not as Darst alleges. If defendants, including Naji, were wrong in their diagnosis or in their treatment, that is negligence and not deliberate indifference: in fact it is the opposite of deliberate indifference. Negligence is a state law claim that should be brought in state court.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 30 December 2014

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:
Duane C. Darst KB-7848
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

2